# GEORGE LAUDER v. PETER TILLIA.

ERROR TO THE COURT OF COMMON PLEAS OF LAWRENCE COUNTY.

Argued October 10, 1887—Decided October 17, 1887.

1. A member of a limited partnership association organized under the act of June 2, 1874, P. L. 271, cannot be adjudged a debtor of the association for unpaid subscription to stock and be subjected to execution process under § 2 of said act, without service of notice upon him and an opportunity to be heard.
2. After judgment against the association and return of nulla bona to execution process against it, a rule served upon the association or its attorney of record, is insufficient to authorize the court to adjudge a member to be a debtor to the association and to award execution against him.
3. If the member sought to be adjudged a debtor, etc., be a non-resident of the county of the jurisdiction, such order as to the manner of service as the case requires should be made and service had in conformity therewith.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

Nos. 246 and 248 October Term 1886, Sup. Ct.; court below, Nos. 228 and 229 April Term 1883, C. P.

On or about February 1, 1881, The Wampum Iron Company, Limited, was organized under the provisions of the act of June 2, 1874, P. L. 271. On March 23, 1883, Peter Tillia obtained upon writs of summons to the numbers and terms above stated two judgments against said company, one of which to No. 228 was for $3,554.20, the amount of the other not appearing upon the paper-books. Writs of fi. fa. were sued out upon the judgments, which writs on April 1, 1883, were returned, nulla bona. On July 11, 1885, the plaintiff filed a petition averring that he was the holder of said judgments which remained unsatisfied after executions issued; that the defendant company was composed of George Lauder, F. H. Oliphant, and S. D. Oliphant; that he was informed and believed that the amount of the capital stock subscribed for by the members and set forth in the statement recorded in the proper office, had not been paid in; that said company had become insolvent and had ceased to do business; praying for a rule to show cause why the books of the defendant company should not be produced in open court, and why executions should not issue against the individual members.

Rules granted upon this petition were served upon Messrs. D. B. and E. T. Kurtz attorneys, who had appeared for the company when the suits were originally instituted, but who declined to appear or answer the rules, having no authority so to do either by the association or by any member thereof. Subsequently, on February 23, 1886, the court entered an order in each case reciting the said service of the rules, made them absolute and ordered the production of the books of the company before *Mr. W. D. Wallace,* appointed commissioner "to take testimony and report the facts to the court in reference to how much, if anything, was due from any member of said association of the capital stock subscribed by him, and whether or not the capital stock subscribed has been paid in cash or otherwise."

The report of the commissioner, filed May 26, 1886, was as follows:—

After first being duly sworn according to law, your commissioner issued a subpœna commanding George Lauder, F. H. Oliphant and S. D. Oliphant to appear on the 5th day of May, which said subpœna also commanded said parties to produce

their books, etc., before said commissioner. Said subpœna was returned by Wm. G. Warnock, sheriff of Lawrence county, as follows: George Lauder, F. H. Oliphant, S. D. Oliphant and Wampum Iron Company, Limited, not found in my bailiwick. The office formerly occupied by said company is no longer used or occupied as an office.

Upon the fifth day of May there appeared before your commissioner B. A. Winternitz, Esq., attorney for Peter Tillia, plaintiff, and Peter Tillia in person, whose testimony was taken by your commissioner. As there was no other person present and no other witnesses, your commissioner's means of ascertaining the facts were very meagre and limited. From the testimony taken before your commissioner, it appears that the Wampum Iron Company, Limited, was composed of the following persons and amount of stock:

| | | |
|---|---|---:|
| George Lauder, 100 shares, | . . | $10,000 |
| F. H. Oliphant, 60 shares, | . . . | 6,000 |
| S. D. Oliphant, 40 shares, | . . | 4,000 |
| | | $20,000 |

That the total amount of said capital stock was $20,000; that $15,000 of said stock was paid in in cash, and that there was then and is now the sum of $5,000 unpaid, and that said $5,000 is still due and owing to said Wampum Iron Company, Limited, by George Lauder of Pittsburgh, Pa., as shown by testimony of Peter Tillia, where George Lauder stated to said Tillia at said Tillia's house that there was only $15,000 of said capital stock paid in, and that there was due from George Lauder $5,000; and therefore your commissioner reports the above to said court. . . . . .

On September 14, 1886, the court signed decrees reciting the issuance of said executions, their return nulla bona, and the substance of the foregoing report, and proceeding: "It is therefore ordered and decreed that execution shall issue upon the above judgments against George Lauder to the extent of $5,000, to wit: upon the judgment at No. 228 April Term 1883, execution shall issue against George Lauder to the extent of $4,294.65, and upon the judgment at No. 229 April Term 1883, execution shall issue against George Lauder to the extent of $705.35."

Thereupon George Lauder took this writ, assigning that the court erred:

1. In entertaining the petition of Peter Tillia filed July 11, 1885, and entering the orders granting the rules thereon.

2. In the order or decree of February 23, 1886, making said rules absolute and appointing a commissioner to report, etc.

3. In the final judgment or decree of September 14, 1886, awarding executions, etc.

4. In taking jurisdiction, entering judgments and awarding execution against a party not duly served with process and not represented by attorney.

*Mr. George Shiras, Jr.,* for the plaintiff in error:

The judgment and the award of executions against Mr. Lauder without any process, writ or rule served upon him, or upon any one empowered to accept or receive service is unauthorized by the act of June 2, 1874, P. L. 271, or its supplements. While we think that the provisions of the act of May 4, 1852, P. L. 574, do not apply to the case of members of any association organized under the act of 1874, it is unnecessary to consider the question, because the record shows there was no attempt to comply with its terms. The service of the rules upon Messrs. D. B. & E. T. Kurtz, the attorneys of the company defendant in the original proceedings, was not a service upon a member of the company. How can a creditor of the association, after failure to collect from the company, proceed to hold an individual member for dereliction of payment of his subscription to stock without affording him an opportunity to be heard.

*Mr. B. A. Winternitz* and *Mr. S. W. Dana,* for the defendant in error:

1. The act of 1874 made no provision for the manner in which the association should be sued, or the method of service of process upon the association or its members. Such a provision was supplied by § 3 of the act of May 1, 1876, P. L. 89, providing that when suit is brought against any such association, service shall be made upon the chairman, secretary or treasurer thereof, " which service shall be as complete and effective as if made upon each and every member of such

association." Another supplement of June 10, 1881, P. L. 115, provided for service, " in addition to the methods already authorized," in any county in the commonwealth where the association shall maintain an office. The defendant company had recorded its certificate and kept and maintained its office in Lawrence county. The effect of the service of the original summons in each case was to give the court jurisdiction of the members of the association as completely and effectively as if every member had been served.

2. Section 2 of the act of 1874 provided the mode by which the affairs of the association should be investigated and their obligations enforced. The power to " ascertain the truth " and to " issue executions accordingly " was vested in the court or a judge of the court in which the action, suit or other proceeding shall have been instituted. By the rules of court of Lawrence county, " all notices, rules, pleadings, etc., shall be served on the attorney marked on the record, where no other special provision is made therefor." It seems to us that the object of § 2 of the act was to give the court of the county where the business of the association is transacted, where its office is located, where its books are kept, etc., full and complete jurisdiction of the association and of its members.

OPINION, MR. JUSTICE WILLIAMS:

This case depends on the construction of the second section of the act of June 2, 1874, relating to joint stock companies. The section declares that the members of any such association shall not be liable under any judgment, decree or order obtained against such association further or otherwise than in the manner provided for therein. That part of the section which points out the manner in which the members are to be made liable is as follows : " If any execution, sequestration, or other process in the nature of execution, either at law or in equity, shall have been issued against the property or effects of the company, and if there cannot be found sufficient thereof, whereon to levy or enforce such execution, sequestration or other process, then such execution, sequestration or other process, may be issued against any of the members to the extent of the portions of their subscriptions, respectively, in the capital of the association, not then paid up : *Provided always*, that no such execu-

tion shall issue against any member, except upon an order of court or of a judge of the court in which the action, suit or other proceeding shall have been brought or instituted; and the said court or judge may compel the production of the books of the association, showing the names of the members thereof and the amount of capital remaining to be paid upon their respective subscriptions, and from them or other sources of information ascertain the truth in regard thereto, and may order execution to issue accordingly."

The question now raised upon this section is, whether the members of the association against whom it is proposed to issue execution, have any right to notice before they are adjudged to be debtors of the association and subjected to execution process.

This precise question has not been passed upon by this court, but the general principle involved is one that is too well settled to need the citation of authorities in its support. A person must be brought into court by the service of the process of the court upon him before the court acquires jurisdiction over him. He must have an opportunity to be heard in his defence before judgment can be rendered against him. The application of this principle disposes of the case in hand.

The association is, at least, primarily, the debtor. The action is brought against it. The service is made upon it by serving one of its officers and the judgment is rendered against it. When its property is exhausted the court is allowed to subrogate the creditor to its demands against its members for unpaid subscriptions to its stock. These members may be many in number and the settlement of their accounts may require an examination extending far beyond the subscription books. It cannot be done by a rule on the association alone to show cause why execution shall not issue against the individual members, as was done in this case, for the association as such is in no possition to show cause for its debtor; but the rule to show cause should also be upon the individual member sought to be charged. His accounts with the association must be settled and the amount due from him individually must be fixed by the court before an execution against him can be awarded.

The rule should be served. If the defendant is not a resident of the county in which the court sits, such order as to the

manner of service as the case requires should be made and service had in conformity therewith. But a judgment against the "Wampum Iron Company, Limited," does not, without more, bring George Lauder and his individual estate under the jurisdiction of the court so as to justify an award of execution against him. If the company sought to compel payment of any balance due upon his subscription, it would not be doubted that he would be entitled to notice and an opportunity to defend before execution could be awarded against him.

The judgment creditor of the company acquires the right to compel the payment of the balance due to the company, to himself; but he cannot escape the necessity of first adjusting the claim of the company against the member whom he seeks to pursue, before he is entitled to process for its collection. As to this subject he stands in the shoes of the company whose claims he is seeking to collect.

> The award of execution is reversed and set aside, and the record remitted for further proceedings.